UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **CLINTON BROOKS, JR.** | * | **CIVIL ACTION NO. 13-0326** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **FRANK G. KENNEDY AND FRANK G. KENNEDY LOGGING** | * | **MAG. JUDGE KAREN L. HAYES** |

**ORDER**

On February 11, 2013, plaintiff pro se Clinton Brooks, Jr. filed the instant suit against defendants, Frank G. Kennedy and Frank G. Kennedy Logging. Plaintiff alleged in his original complaint that in October 2012, he discovered that Frank G. Kennedy, owner of Frank G. Kennedy Logging, had cut down at least 13 of his trees. Frank Kennedy told plaintiff that he would compensate him for removing the trees, but never did. Accordingly, plaintiff filed the instant suit to recover $50,000 in damages for trespassing and the removal of his trees, plus $100,000 for mental anguish and intentional infliction of emotional distress. Plaintiff invoked the court's subject matter jurisdiction, via diversity of citizenship. 28 U.S.C. § 1332.

On March 4, 2013, the court reviewed the complaint and discerned various anomalies. *See* March 4, 2013, Order [doc. # 7]. Consequently, the court directed plaintiff to amend his complaint within 14 days: 1) to clarify when the events at issue actually occurred;[1] 2) to specify whether Frank G. Kennedy Logging is a separate entity apart from Frank G. Kennedy himself,

---

[1] Plaintiff attached to his complaint a Lincoln Parish Sheriff's Incident Detail Report from 2009 that documents a complaint against Frank Kennedy for cutting down 13 trees. *See* Compl., Exh.

and if so, what type of entity it is; and 3) to properly allege the citizenship of all the parties for purposes of diversity jurisdiction. *Id*.

Plaintiff eventually complied with the court order and filed an amended complaint, albeit untimely, on April 1, 2013. *See* Amend. Compl. [doc. # 8]. In his amended pleading, plaintiff clarified that defendant, Frank G. Kennedy was *doing business as* Frank G. Kennedy Logging, thus impliedly conceding that Frank G. Kennedy Logging is not a distinct entity capable of being sued as a separate defendant. *Id*.; Fed.R.Civ.P. 17(b). In addition, plaintiff remedied the deficient allegations of citizenship by setting forth his domicile and the domicile of defendant, Frank G. Kennedy. *Id*. Finally, plaintiff explained that it was his uncle, Royce Brooks, who filed the 2009 police report regarding the removal of the trees. *Id*. However, plaintiff alleges that he himself did not become aware of the trespass until October 2012 when he returned to Louisiana for a funeral. *Id*. In other words, the instant complaint arguably is not untimely.

Upon consideration of the foregoing,

IT IS ORDERED that defendant, Frank G. Kennedy Logging, is hereby STRICKEN from the complaint, as amended. Fed.R.Civ.P. 21.

Furthermore, as to the remaining parties, the court finds that plaintiff has made the requisite allegations to establish diversity jurisdiction. 28 U.S.C. § 1332.[2] If he has not yet done so, plaintiff should proceed with his efforts to obtain a waiver of service from defendant in

---

[2] Plaintiff reiterated in his amended complaint that he is seeking $150,000 in damages for the removal of 13 trees. *See* Amend. Compl. Although this sum strikes the court as excessive, it remains controlling for purposes of assessing the amount in controversy. However, in the event that plaintiff ultimately recovers less than $75,000, then the court may assess costs against him. 28 U.S.C. § 1332(b).

accordance with the court's previous instructions. *See* March 4, 2013, Order [doc. # 7].

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 3rd day of April 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE