UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **CLINTON BROOKS, JR.** | \* | **CIVIL ACTION NO. 13-0326** |
| **VERSUS** | \* | **JUDGE ROBERT G. JAMES** |
| **FRANK G. KENNEDY, ET AL.** | \* | **MAG. JUDGE KAREN L. HAYES** |

<u>**REPORT AND RECOMMENDATION**</u>

Before the undersigned Magistrate Judge, on reference from the District Court, are two motions filed by Defendant, Frank G. Kennedy: 1) a motion to dismiss for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1) [doc. # 21]; and 2) a motion to declare Plaintiff a vexatious litigant [doc. # 24]. For reasons stated below, it is recommended that the motion to dismiss be GRANTED, and that the motion to declare Plaintiff a vexatious litigant be DENIED.

**Background and Procedural History**

On February 11, 2013, Plaintiff pro se Clinton Brooks, Jr. filed the instant diversity suit against Defendants, Frank G. Kennedy and Frank G. Kennedy Logging. Brooks alleged in his original complaint that in October 2012, he discovered that Frank G. Kennedy, owner of Frank G. Kennedy Logging, had cut down at least 13 of his trees. Frank Kennedy told Brooks (or Brooks' uncle) that he would compensate him for removing the trees, but never did. Accordingly, Brooks filed the instant suit to recover $50,000 in damages for trespassing and the removal of his trees, plus $100,000 for mental anguish and intentional infliction of emotional distress. Plaintiff invoked the court's subject matter jurisdiction, via diversity of citizenship. 28

U.S.C. § 1332.

On March 4, 2013, the court directed Brooks to amend his complaint to remedy various temporal and jurisdictional anomalies. *See* March 4, 2013, Order [doc. # 7]. On April 1, 2013, Plaintiff so complied. *See* Amend. Compl. [doc. # 8]. Pursuant to the amended pleading, the court entered an order striking Frank G. Kennedy Logging as a defendant. (April 3, 2013, Order [doc. # 9]). The court also ordered service on the sole remaining defendant, Frank G. Kennedy (hereinafter, "Kennedy").

On December 6, 2013, Kennedy initially appeared in this matter via the instant motion to dismiss for lack of subject matter jurisdiction. Kennedy contends that this court lacks diversity jurisdiction because, despite Plaintiff's allegations to the contrary, the amount in controversy does not exceed $75,000 – the requisite jurisdictional minimum. Not content with his motion to dismiss, on December 19, 2013, Kennedy also filed a motion to declare Brooks a vexatious litigant. In support of his motion, Kennedy adduced evidence that Brooks has a history of filing lawsuits in Lancaster County, Nebraska. Because of Brooks' litigious past, Kennedy seeks an order declaring Brooks a vexatious litigant and prohibiting him from making any future filings in any court without first obtaining leave of court.

Plaintiff did not respond to the pending motions. Moreover, his deadline to do so has lapsed. *See* Notices of Motion Setting [doc. #s 22 & 25]. Accordingly, the motions are deemed unopposed. *Id*.

## Law and Analysis

**I.      Subject Matter Jurisdiction**

It is axiomatic that federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See, Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

Pursuant to Rule 12(b)(1), "the district court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (citation and internal quotation marks omitted). Furthermore, a district court should dismiss where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Venable v. Louisiana Workers' Comp. Corp.*, ___ F.3d ___, 2013 WL 6857992 (5th Cir. Dec. 30, 2013)

3

(citations omitted).

Plaintiff invoked this court's subject matter jurisdiction exclusively via diversity, which contemplates complete diversity of citizenship between the parties and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). The sole issue here is amount in controversy. As explained by the Supreme Court,

> [t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90, 58 S. Ct. 586, 590-91 (1938).

Applying the foregoing principles to the facts at hand, it is legally certain that Plaintiff's claims do not exceed the jurisdictional minimum. The court observes that mental anguish damages are not recoverable as a consequence of a timber trespass unless the defendant's conduct was egregious or the plaintiff suffered psychic trauma, as opposed to mere frustration, "upset, hurt, or normal worry." *See Mathews v. Steib*, 82 So. 3d 483, 489-90 (La. App. 1st Cir. 2011), *writ denied,* 85 So. 3d 90 (La. 2012). Here, Plaintiff's complaint does not include factual allegations sufficient to support a claim for mental anguish as a result of the alleged timber trespass.

Similarly, Plaintiff's complaint does not set forth a cognizable claim for intentional infliction of emotional distress stemming from Kennedy's alleged failure to follow-through with his assurance that he intended to compensate Brooks for the felled trees. The elements of an intentional infliction of emotional distress claim require proof that: (1) the defendant acted in an extreme or outrageous manner;[1] (2) the plaintiff suffered severe emotional distress; and (3) that the defendant either desired to inflict severe emotional distress, or knew that severe emotional distress was certain or substantially certain to occur from his conduct. *White, supra*. Kennedy's unfulfilled promise to compensate Brooks does not support a claim for intentional infliction of emotional distress.

Once Brooks' unsupported claims for mental anguish and intentional infliction of emotional distress are removed from the jurisdictional equation, Brooks' remaining damages claim for trespass and removal of twelve pine and one cedar tree, by his own estimation, totals but $50,000 – an amount plainly insufficient to meet the court's jurisdictional minimum. In addition, Plaintiff does not seek treble damages pursuant to the Louisiana Timber Piracy Statute,

---

[1] In defining conduct which is prohibited by this tort, the Supreme Court stated,
> [t]he conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Persons must necessarily be expected to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. Not every verbal encounter may be converted into a tort; on the contrary, "some safety valve must be left through which irascible tempers may blow off relatively harmless steam . . .

*White v. Monsanto, Co.*, 585 So.2d 1205, 1209 (La. 1991) (citations omitted).

Louisiana Revised Statute 3:4278.1. In any event, it is manifest that Plaintiff's trespass claim is vastly overstated and not a good faith estimation. In *McConnico v. Red Oak Timber Co.*, the court awarded damages of $500 per acre as a result of defendant's unauthorized removal of pine trees. *See McConnico v. Red Oak Timber Co.*, 847 So. 2d 191, 198 (La. App. 2d Cir. 2003). Plaintiff has not alleged facts which would authorize an award exponentially greater than the sum granted in *McConnico*.

In addition, and as pointed out by Kennedy in his supplemental motion, Plaintiff completed an application to proceed in forma pauperis ("IFP") in this matter which required him to identify, under penalty of perjury, any real estate that he owned, including any item of value held in someone else's name. (IFP Application, ¶ 5). In response, Plaintiff listed only a 2000 Lincoln. *Id*. In other words, Brooks effectively disclaimed any ownership in the real estate that forms the basis for this lawsuit.[2]

"Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750, 104 S. Ct. 3315, 3324 (1984). The "case or controversy" requirement encompasses various doctrines, the most important of which is standing. *Id*. The standing doctrine, in turn, embraces several judicially self-imposed limits on the exercise of federal jurisdiction, including a prohibition on a litigant's raising another person's legal rights. *Id*. In other words, without proof of ownership, a plaintiff lacks standing to sue for damages to property. *Watkins v. Carline*, Civ. Action No. 13-5528, 2013 WL 6198865 (E.D. La. Nov. 27, 2013) (citations omitted).

---

[2] Although at times in his complaint, Plaintiff indicated that he owned the land at issue, the court will credit Plaintiff's (negative) representation in his IFP application which was executed under penalty of perjury.

Here, Plaintiff conceded under penalty of perjury that he does not own any land. Therefore, he lacks standing to seek redress for the alleged timber trespass at issue herein. In the absence of standing, the court lacks subject matter jurisdiction over the case and dismissal is required. *Bell v. Redflex Traffic Sys., Inc.*, 374 F. App'x 518, 520 (5th Cir. 2010) (citation omitted); Fed.R.Civ.P. 12(b)(1).

## II. Vexatious Litigant

As recounted above, Defendant also seeks an order declaring Brooks a vexatious litigant that prohibits him from filing future complaints, without obtaining prior court approval. Although the court enjoys inherent authority to thwart abuse of process, the court is not persuaded that the sanction of pre-filing authorization is warranted in the wake of this case. Heretofore, Brooks filed most, if not all of his suits in Lancaster County, Nebraska. If warranted, that court is more than capable of implementing appropriate protective measures now sought by Kennedy. Moreover, because Brooks continues to reside in Nebraska, it is not likely that he will perpetuate a pattern of jurisdictionally-challenged filings in this court.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the motion to dismiss for lack of subject matter jurisdiction [doc. # 21] filed by Defendant Frank G. Kennedy be GRANTED, and that the instant complaint be DISMISSED, without prejudice. Fed.R.Civ.P. 12(b)(1).

IT IS FURTHER RECOMMENDED that Defendant's motion to declare Plaintiff a vexatious litigant [doc. # 24] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have

**fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 19th day of February 2014.

_____
Karen L. Hayes, U.S. Magistrate Judge